APPEAL,CLOSED,COURTEXHIBITS,PASSPORT,SEALEDDOC,VICTIM

# U.S. District Court
# District of Maine (Portland)
# CRIMINAL DOCKET FOR CASE #: <u>2:19−cr−00122−JDL</u>−2

Case title: USA v. BENSON, et al.

Date Filed: 06/20/2019

Date Terminated: 05/26/2022

---

Assigned to: JUDGE JON D. LEVY

Appeals court case number: 22−1449 First Circuit Court of Appeals

**Defendant (2)**

**BERNARD GADSON**
*TERMINATED: 05/26/2022*

represented by **BERNARD GADSON**
RAY BROOK
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 9003
RAY BROOK, NY 12977
PRO SE

**LUKE RIOUX**
RDCP LAWYERS
97A EXCHANGE ST #404
PORTLAND, ME 04101
207−358−4909
Fax: 207−358−4242
Email: luke@rdcplawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**WILLIAM MASELLI**
LAW OFFICE OF WILLIAM MASELLI
118 EAST MAIN STREET
DOVER−FOXCROFT, ME 04426
207−232−5296
Email: williammaselli55@gmail.com
*TERMINATED: 11/04/2019*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

**Disposition**

ATTEMPTED BANK FRAUD,
18:1344(2) and 2
(1)

BANK FRAUD, 18: 1344(2)and
2
(1s)

Dismissed on Government's Motion

AIDING AND ABETTING
AGGRAVATED IDENTITY
THEFT, 18:1028A(1) and 2
(2)

AIDING AND ABETTING
AGGRAVATED IDENTITY
THEFT, 18:1028(1)and 2
(2s)

Dismissed on Government's Motion

CONSPIRACY TO COMMIT
BANK FRAUD AND
AGGRAVATED IDENTITY
THEFT, 18:371
(3)

ATTEMPTED BANK FRAUD:
18:1344(2)and 2
(3s)

80 months on each of Count Three of Docket No.
2:19−cr−00122−JDL−2 and Count One of Docket
No. 2:21−cr−00163− JDL−1, to be served
concurrently. The defendant is also sentenced to a
term of 6 months imprisonment pursuant to 18
U.S.C. 3147, to be served consecutively to Count
Three of Docket No. 2:19−cr−00122−JDL−2 and
consecutively to Count One of Docket No.
2:21−cr−00163−JDL−1. The defendant is also
sentenced to 24 Months on Count Four of Docket
No. 2:19−cr−00122−JDL−2, to be served
consecutive to Count Three of Docket No.
2:19−cr−00122−JDL−2, consecutive to Count One
of docket number 2:21−cr−00163−JDL−1, and
consecutive to the six−month sentence pursuant to
18 U.S.C. 3147. The total term of imprisonment is
110 months. Supervised Release for a term of 4
years on each of Count Three of Docket No.
2:19−cr−00122−JDL−2 and Count One of Docket
No. 2:21−cr−00163−JDL−1 and 1 year on Count
Four of Docket No. 2:19−cr−00122−JDL−2, all to
be served concurrently. $100.00 Special Assessment
on each of Counts Three and Four in case
2:19−cr−00122−JDL−2 and Count One in case
2:21−cr−00163−JDL−1. $256,537.00 Restitution on
Count Three in case 2:19−cr−00122−JDL−2.
Restitution is Joint and Several with Roza S.
Novikov (2:19−cr−00080−DBH−1) and Rahshjeem
Benson (2:19−cr−00122−DBH−001).

AIDING AND ABETTING
AGGRAVATED IDENTITY
THEFT, 18:1028A(1)and 2
(4s)

80 months on each of Count Three of Docket No.
2:19−cr−00122−JDL−2 and Count One of Docket
No. 2:21−cr−00163− JDL−1, to be served
concurrently. The defendant is also sentenced to a
term of 6 months imprisonment pursuant to 18
U.S.C. 3147, to be served consecutively to Count
Three of Docket No. 2:19−cr−00122−JDL−2 and
consecutively to Count One of Docket No.
2:21−cr−00163−JDL−1. The defendant is also
sentenced to 24 Months on Count Four of Docket
No. 2:19−cr−00122−JDL−2, to be served
consecutive to Count Three of Docket No.
2:19−cr−00122−JDL−2, consecutive to Count One
of docket number 2:21−cr−00163−JDL−1, and
consecutive to the six−month sentence pursuant to
18 U.S.C. 3147. The total term of imprisonment is
110 months. Supervised Release for a term of 4
years on each of Count Three of Docket No.
2:19−cr−00122−JDL−2 and Count One of Docket
No. 2:21−cr−00163−JDL−1 and 1 year on Count
Four of Docket No. 2:19−cr−00122−JDL−2, all to
be served concurrently. $100.00 Special Assessment
on each of Counts Three and Four in case
2:19−cr−00122−JDL−2 and Count One in case
2:21−cr−00163−JDL−1. $256,537.00 Restitution on
Count Three in case 2:19−cr−00122−JDL−2.
Restitution is Joint and Several with Roza S.
Novikov (2:19−cr−00080−DBH−1) and Rahshjeem
Benson (2:19−cr−00122−DBH−001).

CONSPIRACY TO COMMIT
BANK FRAUD AND
AGGRAVATED IDENTITY
THEFT, 18:1344(2), 18:1028A(1)
and 18:371
(5s)

Dismissed on Government's Motion

**Highest Offense Level
(Opening)**

Felony

**Terminated Counts**                                  **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                          **Disposition**

None

---

**Plaintiff**

**USA**                                        represented by   **ANDREW K. LIZOTTE**
                                                                DOJ−USAO
                                                                202 HARLOW STREET
                                                                SUITE 111
                                                                BANGOR, ME 04401
                                                                207−780−3257
                                                                Fax: 207−262−4636
                                                                Email: andrew.lizotte@usdoj.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Designation: Assistant US Attorney*

                                                                **SHEILA W. SAWYER**
                                                                U.S. ATTORNEY'S OFFICE
                                                                DISTRICT OF MAINE
                                                                100 MIDDLE STREET PLAZA
                                                                PORTLAND, ME 04101
                                                                207−780−3257
                                                                Email: sheila.sawyer@usdoj.gov
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Designation: Assistant US Attorney*

                                                                **CHRISTOPHER HILL FORMER
                                                                AUSA**
                                                                U.S. ATTORNEY'S OFFICE
                                                                DISTRICT OF MAINE
                                                                100 MIDDLE STREET PLAZA
                                                                PORTLAND, ME 04101
                                                                207−771−3205
                                                                Email: usame.formerausa@usdoj.gov
                                                                *ATTORNEY TO BE NOTICED*
                                                                *Designation: Assistant US Attorney*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/04/2022 | 234 | | RESPONSE in Opposition by USA as to BERNARD GADSON re 231 MOTION to Modify or Amend Order of Restitution MOTION to Appoint Counsel Reply due by 11/18/2022. (LIZOTTE, ANDREW) (Entered: 11/04/2022) |
| 11/29/2022 | 235 | | REPLY TO RESPONSE to 231 MOTION to Modify or Amend Order of Restitution, MOTION to Appoint Counsel by BERNARD GADSON (Attachments: # 1 Envelope)(clp) (Entered: 11/29/2022) |
| 05/01/2023 | 236 | | |

| | | | |
|---|---|---|---|
| | | | ORDER DENYING MOTION TO MODIFY AND/OR AMEND ORDER OF RESTITUTION denying <u>231</u> Motion to Modify or Amend Order of Restitution, MOTION to Appoint Counsel as to BERNARD GADSON By JUDGE JON D. LEVY. (clp) (Entered: 05/01/2023) |
| 05/01/2023 | <u>237</u> | | CLERK'S SECOND SUPPLEMENTAL CERTIFICATE as to BERNARD GADSON re <u>225</u> Notice of Appeal − Final Judgment. Documents Sent to U.S. Court of Appeals. (clp) (Entered: 05/01/2023) |

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:19-cr-00122-JDL-2 |
| | ) | USCA NO. 22-1449 |
| | ) | |
| BERNARD GADSON | ) | |

## **CLERK'S SECOND SUPPLEMENTAL CERTIFICATE**

I, Christa K. Berry, Clerk of the United States District Court for the District of

Maine, hereby certify that the following supplemental documents are hereby

electronically transmitted, along with a copy of the docket entries to the First Circuit

Court of Appeals:

Documents Numbered:      234 Response
235 Reply
236 Order
237 Clerk's Second Supplemental
Certificate

I hereby certify that the record and docket sheet available through ECF to be the

certified record and docket entries, and that all non-electronic and sealed documents of

record have been forwarded this date with a copy of this Certificate.

Non-Electronic Documents:

Sealed Documents:

Ex Parte Document:

Dated *May 1, 2023.*

CHRISTA K. BERRY, Clerk

By:    /s/Charity Pelletier
Case Manager

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Cases 2:21-cr-00163-JDL |
| | ) | 2:19-cr-00122-JDL |
| BERNARD GADSON | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION**
**TO MOTION TO MODIFY AND/OR AMEND RESTUTUTION ORDER**

NOW COMES the United States of America, by and through Darcie N. McElwee, United States Attorney for the District of Maine, and Andrew K. Lizotte, Assistant United States Attorney, and responds in opposition to Defendant's Motion to Modify and/or Amend Restitution Order (the "Motion" or "Mot."), filed in these cases on October 17, 2022.  *See* ECF No. 82, 2:21-cr-00163-JDL; ECF No. 231, 2:19-cr-00122-JDL.  The Government also opposes Defendant's request for counsel.  *See* Mot. at 6.  The Motion raises no cognizable legal issues requiring such an appointment, and further, fails to cite a proper legal basis under 18 U.S.C. § 3006A.  *Contra* Mot. at 6 (citing the inapplicable habeas provisions found in 18 U.S.C. § 3006A(a)(2)(b)).

The Government notes that on June 3, 2022, Defendant appealed his sentence and the judgment imposed by the Court, which would ordinarily divests this Court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.  *See generally Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); Fed. R. Crim. P. 37(a).  The Government submits that the Court nonetheless should issue an indicative ruling denying the Motion as permitted by Federal Rule of Criminal Procedure 37(a)(2).

1

## I. BACKGROUND

The Amended Judgments in Defendant's cases ordered him to pay $256,537 in restitution, plus $300 in assessments. *See* ECF No. 73 at 6, 2:21-cr-00163-JDL; ECF No. 223 at 6, 2:19-cr-00122-JDL.[1]  The Court, after assessing Defendant's ability to pay, ordered a "[l]ump sum payment of $243,641.00 due immediately ($256,867.00 total amount due minus $13,196.00 restitution credit), balance due," with "[a]ny amount the defendant is unable to pay now [made] due and payable during the term of incarceration."  *See* ECF No. 73 at 9, 2:21-cr-00163-JDL; ECF No. 223 at 9, 2:19-cr-00122-JDL.

The Motion requests that the Court modify or amend Defendant's "Order of Restitution to comply with the Court's original Judgment & [Commitment] (J & C))."  Mot. at 1.  Defendant specifies that his "filing is pursuant to 18 U.S.C. § 3664(k)."  *Id.*; *see also id.* at 4.  "[Defendant] wishes to participate in the [] Inmate Financial Responsibility Plan (IFRP). . ."  *Id.* at 3. Defendant appears to argue that this Court unlawfully delegated its authority to the Bureau of Prisons ("BOP") to designate the timing and amount of his restitution payments during his term of incarceration.  *See id.* at 3 ("it is the responsibility of this Honorable Court, to set his payment schedule, and not the Bureau of Prisons"); at 5 ("§ 3663 and 3664 of Title 18 clearly impose on the sentencing Court, the duty to fix and set terms of restitution, and NOT THE BUREAU of PRISONS").  Defendant also asserts that BOP officials are "violating his Eighth Amendment Right under the EXCESSIVE FINES CLAUSE, under cruel and unusual punishment, because

---

[1]     Here, because restitution was mandatory pursuant to 18 U.S.C. § 3663A, the issuance and enforcement of the restitution component of the Amended Judgments is governed by 18 U.S.C. § 3664. *See* 18 U.S.C. § 3663A(d) ("An order of restitution under this section shall be issued and enforced in accordance with section 3664.").  As such, the requirements of 18 U.S.C. § 3664(f) applied to the Court's fashioning of restitution.  For example, the Court was required to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A). The Court was required to—and did—specify "the manner in which, and the schedule according to which, the restitution [was] to be paid[.]"  *Id.* § 3664(f)(2).  This required consideration of Defendant's financial resources and assets, projected income and earnings, and his financial obligations. *Id.* § 3664(f)(2)(A)-(C).  Directing Defendant "to make a single, lump-sum payment" was expressly permitted. *Id.* § 3664(f)(3)(A).

[he] was 'forced' to sign [a]n agreement, that [the BOP] knew that he could NOT afford, with

the severe consequences that come with IFRP refusal."  *Id.* at 5.

Defendant asks this Court to schedule—and to limit—his restitution payments to $25 a

quarter, rather than an unspecified "[exorbitant] amount of restitution payments per month"

requested of him by BOP officials at FCI Ray Brook.  Mot. at 3, 6.

## II.  ARGUMENT

### A.  The Court did not Unlawfully Delegate its Authority to the BOP to Designate the Timing and Amount of Defendant's Restitution Payments

The Court did not unlawfully delegate its payment scheduling authority to the BOP.

*Contra* Mot. at 3, 5.  To the contrary, the Amended Judgments scheduled Defendant's payment

of restitution as a lump sum "due immediately," with "[a]ny amount that the defendant is unable

to pay now. . . due and payable during the term of the incarceration."

As observed by the First Circuit in *Bramson v. Winn*, 136 Fed. App'x 380, 381 (1st Cir.

2005), "there [is] no improper delegation by the courts of their exclusive authority to determine a

payment schedule" where it is ordered that such "payment [is] due immediately."  Here, as in

*Bramson*, "[t]he Bureau of Prisons [is] merely using the IFRP to collect . . . court-ordered

payments" consistent with its statutory authority to do so.  *Id.*; *see also United States v. Reeves*,

05-cr-47-JAW, 2015 WL 475266, at *4 (D. Me. Feb. 4, 2015) ("the First Circuit in *Bramson*

clarified that if—as happened in this case—the Court orders the restitution 'due immediately',

then the Court is not 'delegat[ing] the setting of payment schedules to . . . the [BOP].'"); *cf.*

*United States v. Pena*, 05-cr-137-WES, 2012 WL 40461, at *2 n.7 (D.R.I. Jan. 9, 2012) ("the

Judgment specified without elaboration that [the] fine be paid immediately, and the fact that

during [the defendant's] incarceration, payments were made under the Inmate Financial

Responsibility Program ('IFRP') does not provide grounds for vacating and re-imposing a lesser

fine."). Here, "[i]n other words, by imposing restitution and making it due immediately, the court, not the [BOP], set the amount due and the schedule to be met." *Reeves*, 2015 WL 475266, at *4 (quoting *United States v. Marston,* No. 09-cr-95-1-SM, 2012 U.S. Dist. LEXIS 122607, at *2 (D.N.H. Aug. 29, 2012)) (quotations omitted).

In sum, "the First Circuit has not ruled that a sentencing judge must include a specific schedule for restitution payments during imprisonment." *United States v. Stewart*, 2:03-cr-102-DBH, 2015 WL 728498, at *1 (D. Me. Feb. 18, 2015). The Amended Judgments therefore validly scheduled the amount and timing of Defendant's restitution payments by specifying that it was due immediately and in full. *See, e.g.*, *United States v. Stinson*, 1:17-cr-00074-JAW, 2022 WL 1747846, at *2 (D. Me. May 31, 2022) (citing cases); *United States v. Stile*, 1:11-cr-00185-JAW, 2017 WL 5586370, at *9 (D. Me. Nov. 20, 2017) (citing cases).

## B.    The Court Should Deny Defendant's IFRP-Related Request

Defendant's request concerning his participation in and the BOP's administration of the IFRP should be denied. To the extent Defendant's "Motion can be read to argue that the Bureau of Prisons. . . is somehow not complying with the regulations that govern the [IFRP], such a challenge must be brought as a habeas petition. . . in the district in which the defendant is incarcerated." *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008), *motion to vacate denied*, 02-cr-57, 2009 WL 212070 (D. Me. Jan. 29, 2009); *see also McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) ("the goal of the IFRP is to achieve compliance with a provision of each convict's criminal judgment—namely, the timely payment of whatever sum the court has ordered him to pay. . . . The IFRP is therefore part of the Bureau's means of 'executing' the sentence, and [a] lawsuit challenging . . . placement in 'refusal' status sounds in habeas."). Thus, any IFRP-related issues may not be challenged by Defendant's present Motion.

4

*See, e.g., United States v. Reeves*, 05-cr-47-JAW, 2015 WL 475266, at *4 (D. Me. Feb. 4, 2015) (citing *Fenton*, 577 F. Supp. 2d at 459).[2]

### C.    18 U.S.C. § 3664(k) Provides no Basis for the Relief Sought by Defendant

Defendant's restitution cannot be modified or amended through 18 U.S.C. § 3664(k). Under that provision, sentencing courts retain the ability to modify a defendant's restitution payments based on a demonstrated "material change" in "economic circumstances."  *See, e.g.*, *United States v. Teeter*, 99-cr-35-GZS, 2011 WL 1560557, at *1 (D. Me. Apr. 25, 2011) (citing *United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008)); *see also United States v. Jaffe*, 417 F.3d 259, 267 (2d Cir. 2005) ("the district court retains jurisdiction to amend or adjust the restitution order if there is any material change in [the defendant's] economic circumstances").  Upon such a showing, §§ 3664(k) and 3572(d)(3) both permit the court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[3]

Yet "the court's statutory authority [is only] to adjust a defendant's payment schedule." *See United States v. Hyde*, 497 F.3d 103, 108 (1st Cir. 2007); *see also* § 3664(k) ("the court may. . . adjust the payment schedule, or require immediate payment in full"); § 3572(d)(3) (same). Here, the Motion does not challenge the appropriateness of a payment schedule previously set by the Court.  Indeed, no payment schedule was set.  The Amended Judgments simply ordered that

---

[2]    It is unclear whether Defendant attempted to exhaust or avail himself of the BOP's administrative remedies for issues relating to his confinement.  *See generally* 28 C.F.R. § 542.10, *et seq*.  Defendant's failure to exhaust his administrative remedies also "would arguably provide an independent procedural bar to this court's authority to take action regarding [any] requested relief."  *United States v. Schlevenick*, 03-cr-10205-DPW, 2005 WL 3030828, *1 (D. Mass. July 22, 2005).  The Government further notes that inmate "participation in the IFRP is voluntary," with the BOP "only 'implement[ing]' the IFRP after a prisoner has chosen to participate in it."  *Jordan v. Holt*, 488 Fed. App'x 587, 588 (3d Cir. 2012).
[3]    It is the Government's position that there has been no threshold "notification of a material change in the [D]efendant's economic circumstances" here made to either the Government or the Court because Defendant has failed to detail in any way how his ability to pay restitution has been affected since his sentencing.  18 U.S.C. §§ 3664(k), 3572(d)(3).

any amount Defendant was unable to pay immediately was due and payable during his term of incarceration.

To the extent the Motion seeks modification of how Defendant's payments are scheduled by the BOP during imprisonment through his IFRP participation—which, as discussed above, is not an appropriate inquiry—such a request would similarly fail because Defendant has not met his evidentiary burden.  No "proof regarding his financial status or current income" accompanies the Motion.  *United States v. Hill*, 205 F.3d 1342, at *1 (6th Cir. 1999) (unpublished table decision).  No information has been provided by Defendant detailing how, if at all, his economic circumstances have changed.  Accordingly, there is no basis on which to adjust the scheduling of his restitution payments here.  *See, e.g.*, *United States v. Coleman*, 276 Fed. App'x 766, 767 (10th Cir. 2008) ("it is purely speculative that [Defendant] will have no resources with which to pay restitution during the remaining period of incarceration."); *United States v. Petraca*, 13-cr-53-S, 2015 WL 458170, at *2 (D.R.I. Feb. 3, 2015) ("Defendant has not provided this Court with any indication that he has experienced [] a material change since he was sentenced. . . . he is not entitled to adjustment of the restitution order under these sections.").

### D.      Defendant's Eighth Amendment Excessive Fines Claim is Meritless

BOP officials have not violated Defendant's Eighth Amendment rights under the Excessive Fines Clause.  *Contra* Mot. at 5.  No "fines" have been "imposed" by the BOP.  U.S. CONST. AMEND. VIII.  The only aspect of the sentence challenged by Defendant is the restitution ordered by the Court, and even so, he takes no issue with the amount of restitution ordered.  That amount reflects the losses Defendant caused his victims.  Where, as here, "the restitution order reflects the amount of the victim's loss no constitutional violation has occurred."  *United States v. Newell*, 658 F.3d 1, 35 (1st Cir. 2011).

6

### III. CONCLUSION

WHEREFORE, because Defendant "has not demonstrated that his motion. . . fits within any exception to the general rule that a lawful sentence lawfully imposed becomes final when judgment is entered,"[4] the Government requests that the Court deny the Motion.

Dated: November 4, 2022  
     Bangor, Maine

Respectfully submitted,

DARCIE N. MCELWEE  
United States Attorney

/s/ Andrew K. Lizotte, AUSA  
U.S. Attorney's Office  
202 Harlow Street  
Bangor, Maine 04401  
Andrew.Lizotte@usdoj.gov  
(207) 262-4636

---

[4] *See United States v. Rich*, 12-cr-169-JAW, 2013 WL 4106460, at *2 (D. Me. Aug. 13, 2013) (citations and quotations omitted).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send system notification of such filing(s) to the attorneys of record.

I hereby further certify that on November 4, 2022, I caused to be mailed by United States Postal Service, the document(s) to the following non-registered individuals:

    BERNARD GADSON, 01711-138
    FCI RAY BROOK
    FEDERAL CORRECTIONAL INSTITUTION
    P.O. BOX 900
    RAY BROOK, NY  12977


                    DARCIE N. MCELWEE
                    United States Attorney


                    /s/ Andrew K. Lizotte, AUSA
                    U.S. Attorney's Office
                    202 Harlow Street,
                    Bangor, Maine 04401
                    Andrew.Lizotte@usdoj.gov
                    (207) 262-4636

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE



BERNARD T GADSON, PRO SE     )

    PETITIONER,     )

                 )

v     )

                 )

UNITED STATES OF AMERICA,     )

    RESPONDENT.     )

CRIMINAL ACTION

Crim No(s): 2:21cr00163-JDL
             2:19cr00122-JDL

PETITIONER'S REPLY TO THE
GOVERNMENT'S MOTION OPPOSING
MODIFICATION OF RESTITUTION
ORDER TO AMEND

§ § § § § § § § §

---

NOW COMES BERNARD T GADSON, PETITIONER, proceeding in pro se, in necessity, pursuant to Haines v Kerner, 404 US 519-520 (1972), humbly and respectfully, reply's to the Government's ... Response in Opposition to Motion to Modify and/or Amend Restitution Order.

## BACKGROUND

As this Honorable Court is aware, the Amended Judgments in Petitioner's case(s), ordered him to pay $256,537 in restitution plus $300 in assessments.  See ECF No 73 at 6, 2:21-cr-00163-JDL and ECF No 223 at 6, 2:19-cr-00122-JDL.

This Court, after assessing Petitioner's ability to pay, ordered a "[l]ump sum payment of $243,641 due immediately (" ...

1 of 6

$256,867 total amount due minue $13,196 restitution credit),
with a balance due," with "[a]ny amount the defendant is un-
able to pay now now [made] due and payable during the term of
incarceration."  See ECF No 73 at 9, 2:21cr00163-JDL; ECF No
223 at 9, 2:19cr00122-JDL.

    Petitioner now proceeds, in pro se, in necessity.

## ARGUMENT

    Petitioner argues, for all it many words, that the Govern-
ment is flatly wrong.  The sentencing order in this case is in
fact, wrongfully delegating a payment schedule to be in the ...
hands of the Bureau of Prisons.  See United States v Workman,
110 F3d 915, 918-919 (2nd Cir 1997); United States v Mortimer,
94 F3d 89, 90, 91 and n 2 (2nd Cir 1996).

    Petitioner argues, it can not be more clearer.

    The orders in Workman and Mortimer were couched in the ...
exact same terms and was made clear in the Second Circuit, that
when "due immediately" is qualified by some arbitrary payment
schedule dictated by the FBOP, it is [a]n impermissable dele-
gation of power that may not stand.  Id.

    Indeed, in Mortimer, the Circuit said, "that a district
court could properly draw upon the IFRP guidelines stated in
the Code of Federal Regulations in fashioning [a]n order of...
restitution [or fine] that specifies the amount's to be paid,
so long as the discretionary authority to depart from the ...

Court's order, is NOT vested in prison officials."  94 F3d at
91, n 2.

Accordingly, in line with Workman and Mortimer, supra, the
FBOP's use of it's FRP Program to arbitrarily schedule payment
of the Court Order in this case, MUST cease because the Court
has no authority to delegate such determinations to the FBOP.
Workman, 110 F3d at 918-919; Mortimer, 94 F3d at 90-91 ("when
a Court qualifies the "due immediately" language of 18 USC §
3572(d)(1), with [a]n ambiguous delegation of authority to col-
lect to the FBOP, such [a]n order is unenforceable).

Contrary to this judgment, the FBOP has encumbered ... the
Petitioner's funds and implemented its own amended payment
schedule, thus altering the sentencing court's sentence and
upsurping its authority in contravention of Article III of the
US Constitution.  See United States v Golino, 956 F Supp 359,
361 (ED NY 1997)(stating, "[t]he imposition of sentence is a
core judicial funciton, and determination of the timing and
schedule of restitution installment payments is not the duty
that may be delegated."); United States v Benz, 282 US 304,
311 (1931)("although the executive branch may "cut short a ...
sentence, altering the actual terms of a sentence and imposing
a sentence in the first instance are solely 'judicial' acts").

Petitioner argues, that the Government's claim that he
must exhaust his "so called" administrative remedies within
the BOP before such relief may be granted, in this Court ... is

'misplaced,' because the "[F]BOP lacks authority to grant the type of relief that is being requested." See Bastek v Federal Crops Ins Corp, 145 F3d 90 at n 4 (2nd Cir 1998).

Thus, further use of the Administravie Remedy procedure within the FBOP is beyond futile. Id.

Petitioner attempted to make arrangements with his Case Manager, Ms White, to pay $25.00 per quarter, but the [F]BOP designees unwillingness to accept Petitioner's terms in compliance with his sentence and instead dictate its own terms of payment, violates the Separation of Powers doctrine. See United States v Mortimer, 94 F3d 89, 91 (2nd Cir 1996).

Neither Congress, under 28 CFR § 545.10, nor, by extention the Federal Bureau of Prisons, may alter the terms imposed by a sentencing court. To be certain, Petitioner has been ordered to pay restitution. He's made efforts to pay it. In doing so, he is complying with the judgment of conviction. Whereas, the Bureau of Prisons is defying it.

Petitioner argues, indeed the sentencing court itself ... seems to have acknowledged the FBOP's FRP may not be enforced in any way. Rather, the FRP is merely in place to assist ... prisoners in paying-down a court imposed financial sanction. The BOP is without authority to further punish a sentenced ... prisoner by encumbering his funds. Mortimer, 94 F3d at 90-91 (The FRP is a voluntary service and not may be imposed for non-participation because it is the sentencing court's judgment

that governs).

Petitioner argues, that this Court, delineated the manner in which his restitution MUST be paid and that FRP is unconstitutional.  This Court, should ORDER the BOP to IMMEDIATELY ... cease enforcing it's FRP through punitive and restrictive encumberances upon Petitioner's funds - funds donated by family and loved, to that he may purchase incidentals, necessities and maintain some humanity while imprisoned.

Petitioner argues, to hold otherwise, requires this Court to find that Congress delegated to the Bureau of Prisons - an Executive Branch Agency -- the authority to perform judicial acts, further punishing a defendant already sentenced by the Court. Cf. Zakiya v Janet Reno, US Attorney General, Kathleen Hawk, Director, US Bureau of Prisons, 52 F Supp 2d 629, 635-37 (ED VA 5/4/199)("[s]uch a proposition would contravene basic tenets of separation of powers and result in [a]n unconstitutional delegation of judicial power to be the Executive Branch.")

Lastly, in this circumstance, Petitioner need not fully navigate the FBOP's labyrinthian administrative remedy process because the FBOP has NO power to determine the constitutionality of 28 CFR § 545.10.  See Bastek v Federal Crop Ins Corp, 145 F3d 90, 94 n 4 (2nd Cir 1988)("[e]xhaustion of Administative Remedies is waived where "the administrative remedy is inadequate, because the agency cannot give effective relief,

eg, [where] it lacks institutional competence to resolve the
particular type of issue presented, such as the constitution-
ality of a statute [or] the agency lacks authority to grant the
type of relief requested[.]")(Internal quotations omitted).

Petitioner attempted to initiate the Administrative Rem-
edy process, but it has been clearly futile, because the FBOP
is following 28 CFR § 545.10, which was enacted by Congress,
and without the authority to determine this statute's consti-
tutionality. Id.  See Abbey v Sullivan, 978 F2d 37, 45 (2d Cir
(1992).

<u>PRAYER FOR RELIEF - CONCLUSION</u>

WHEREFORE, ALL PREMISES CONSIDERED, Bernard T Gadson,
requests this Honorable Court issue [a]n ORDER directing the
BOP to <u>IMMEDIATELY</u> cease encumbering his funds and declare
the FRP unconstitutional because it permits the BOP to perform
a judicial function in violation of constitutionally mandated
Separation of Powers.

Or, in the alternative, modify or amend his restitution
ORDER to reflect payments, in the increments of $25.00 per
quarter.

This is Petitioner's Prayer for Relief.  AMEN.

Respectfully submitted on this 22nd day of November 2022.

/s/ _____

        BERNARD  T  GADSON

## CERTIFICATE OF SERVICE

I, BERNARD T GADSON, hereby certify that I have served a true and correct copy of the foregoing instrument, Reply to Government's Motion of Opposition, via US First Class Mail, Postage Prepaid, on this 22nd day of November, 2022, placing said instrument, in the legal / institutional mail system at FCI Ray Brook, Ray Brook NY, and mailing said instrument, to the following addressed:

        Clerk, US District Court
        202 Harlow Street
        Room 357
        PO Box 1007
        Bangor, ME  04330

Executed under the pains and penalties of perjury, pursuant to 28 USC § 1746.

        /s/
        BERNARD T GADSON, #01711-138
        FCI Ray Brook
        PO Box 900
        Ray Brook, Ny  12977-0900

Case 2:19-cr-00122-JDL   Document 235-1   Filed 11/29/22   Page 1 of 1   PageID 1293

ALBANY NY  120

25 NOV 2022  PM 4  L



BERNARD T GADSON, #01711-138
FCI Ray Brook
PO Box 900
Ray Brook, NY  12977-0900

⇔01711-138⇔
Clerk Us District Court
202 Harlow ST
RM 357 PO BOX 1007
Bangor, ME 04401
United States

USMS

not 04402

04402-100707

Legal mail

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **2:19-cr-00122-JDL-2** |
| | ) | **2:21-cr-00163-JDL** |
| | ) | |
| BERNARD GADSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO MODIFY AND/OR AMEND ORDER OF RESTITUTION**

On October 25, 2021, Defendant Bernard Gadson pleaded guilty to one count of attempted bank fraud, in violation of 18 U.S.C.A. § 1344(2) (West 2022) and 18 U.S.C.A. § 2 (West 2022), and one count of aiding and abetting aggravated identity theft, in violation of 18 U.S.C.A § 1028A(a)(1) (West 2022).[1] In a subsequent proceeding, Gadson pleaded guilty to one count of criminal contempt for violating the conditions of his release, in violation of 18 U.S.C.A. § 401(3) (West 2022) and 18 U.S.C.A. § 3147 (West 2022). On May 26, 2022, he was sentenced to a total aggregate term of imprisonment of 110 months and a four-year term of supervised release, and he was ordered to pay restitution in an amount totaling $256,537.00.[2] In its Amended Judgment, the Court ordered a "[l]ump sum payment of $243,641.00 due

---

[1] The relevant statutory provision for aiding and abetting aggravated identify theft is identified in multiple filings in this case as 18 U.S.C.A. § 1028(A)(1). However, the correct statutory provision is 18 U.S.C.A. § 1028A(a)(1), and I refer to it as such here.

[2] Gadson received a credit toward the total amount of restitution ordered, leaving a balance of $243,341.00.

immediately" with "[a]ny amount that the defendant is unable to pay now [made] due and payable during the term of incarceration." No. 2:21-cr-00163-JDL, ECF No. 73 at 9; No. 2:19-cr-00122-JDL-2, ECF No. 223 at 9. Gadson is currently incarcerated at FCI Ray Brook.

On October 17, 2022, Gadson, proceeding pro se, filed a "Motion to Modify and/or Amend Order of Restitution Pursuant to 18 U.S.C. § 3664(k)" (ECF No. 231).[3] Gadson alleges that he wishes to participate in the Inmate Financial Responsibility Plan ("IFRP") at FCI Ray Brook, but that Bureau of Prisons ("BOP") officials requested an "exuberant amount of restitution payments per month," even though "his income came from working in [job placements at the prison] and [occasional] family gifts." ECF No. 231 at 3. He argues that the Court has the discretion and responsibility, pursuant to 18 U.S.C.A. § 3663 (West 2022) and 18 U.S.C.A. § 3664 (West 2022), to set the amount and terms of restitution, and he asks the Court to modify the payment schedule set by the IFRP and order a maximum restitution payment of $25.00 per quarter. Gadson also alleges that the BOP officials violated the Excessive Fines Clause of the Eighth Amendment because he "was '*forced*' to sign [a]n agreement[] that he knew that he could *NOT* afford, with the severe consequences that come with IFRP refusal." ECF No. 231 at 5 (first and fourth alterations in original). He also requests the appointment of counsel pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2022).

---

[3] Because Gadson filed identical motions to modify his restitution payments in both of his criminal proceedings (No. 2:19-cr-00122-JDL-2, ECF No. 231; No. 2:21-cr-00163-JDL, ECF No. 82), for the purposes of this Order, I cite to the motion filed in proceeding No. 2:19-cr-00122-JDL-2, ECF No. 231.

The Government filed a Response in Opposition to the Motion (ECF No. 234).[4] The Government first argues that the Court did not improperly delegate its authority to the BOP because the Amended Judgment properly specified "the manner in which, and the schedule according to which, the restitution [was] to be paid" and the BOP has the authority to establish a payment plan with Gadson to help him comply with the judgment while he is incarcerated.  ECF No. 234 at 2, n.1 (alteration in original) (quoting 18 U.S.C.A. § 3664(f)(2)).  Second, the Government contends that the Court does not have the authority to modify Gadson's IFRP payment amounts because he has failed to provide evidence of a material change in economic circumstances, which is required by 18 U.S.C.A. § 3664(k).  Third, the Government argues that the BOP officials have not violated Gadson's Eighth Amendment rights because no "fines" have been imposed, and that furthermore, Gadson is not challenging the total amount of restitution ordered, only the installment amounts.  ECF No. 234 at 6.  Finally, the Government opposes Gadson's request for counsel because he "raises no cognizable legal issues requiring such an appointment, and . . . fails to cite a proper legal basis under 18 U.S.C. § 3006A."  ECF No. 234 at 1.

In addition to filing his motions, Gadson appealed his sentence to the First Circuit on June 3, 2022 (No. 2:21-cr-00163-JDL, ECF No. 75; No. 2:19-cr-00122-JDL-2, ECF No. 225).  Although Gadson's pending appeal would generally deprive the Court of jurisdiction, a district court may exercise jurisdiction over a timely motion for relief and deny the motion pursuant to Federal Rule of Criminal Procedure

---

[4] Because the Government's filing in response to Gadson's motion is identical in both cases, I cite only to the response filed in proceeding No. 2:19-cr-00122-JDL-2, ECF No. 234.

37(a)(2).  Therefore, pursuant to Rule 37(a)(2), I address Gadson's motions and, for the reasons set forth below, deny both motions.

## I.  LEGAL ANALYSIS

### A.  The Court did not improperly delegate its authority to the BOP and does not have the authority to modify a payment schedule set by the BOP

Gadson first argues that the Court—not the BOP—has jurisdiction to order and schedule restitution payments under 18 U.S.C.A. § 3664(f)(3)(A), which grants the Court discretion to schedule restitution payments in an initial sentencing, and the discretion to modify, amend, or adjust the restitution order pursuant to section 3664(k).  In Gadson's Reply to the Government's Response (ECF No. 235),[5] he further argues that the Court improperly delegated its authority to the BOP, relying on two cases: *United States v. Mortimer*, 94 F.3d 89 (2d Cir. 1996) and *United States v. Workman*, 110 F.3d 915 (2d Cir. 1997).  In *Mortimer*, the district court's restitution order stated that Mortimer was to "pay restitution while in prison *according to a schedule to be determined pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program*."  94 F.3d 89, 89 (2d Cir. 1996) (emphasis added).  The district court also directed the defendant to participate in the IFRP "and make restitution in accordance with the policies of that program."  *Id.* at 90.  The Second Circuit vacated the sentence and remanded for resentencing, holding that the district court had improperly delegated "its authority to establish the installment amount and timing of [the defendant's] . . . restitution payments to the [BOP]."  *Id.* at 91 (first and second

---

[5]  Because Gadson's reply is identical in both cases, I cite only to the reply filed in proceeding No. 2:19-cr-00122-JDL-2, ECF No. 235.

alterations in original) (quoting *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996)).

In *Workman*, the district court "imposed a fine of $1,000, due immediately, but stayed execution of the fine 'provided that [the defendant] makes timely installments, *on a schedule to be fixed by the Bureau of Prisons* while incarcerated.'" 110 F.3d 915, 918 (2d Cir. 1997) (emphasis added). The Second Circuit remanded for resentencing, citing 18 U.S.C.A. § 3572(d) (West 2022), which precludes delegation: "[section 3572(d)] generally requires defendants to pay fines [or other monetary penalties including restitution] 'immediately,' but allows sentencing courts, 'in the interest of justice,' to provide for payment 'on a date certain or in installments.' It specifies that '[i]f the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless *the court* establishes another schedule.'" *Id.* at 919 (third alteration in original) (quoting 18 U.S.C.A. § 3572(d)).

Relying on *Mortimer* and *Workman*, Gadson argues that the BOP is using the IFRP "to arbitrarily schedule payment of the Court Order," ECF No. 235 at 3, and that "when a Court qualifies the 'due immediately' language of 18 U.S.C. § 3572(d)(1), with [a]n ambiguous delegation of authority to collect to the [BOP], such [a]n order is unenforceable," ECF No. 235 at 3 (first and third alterations in original) (quoting *Mortimer*, 94 F.3d at 90-91).

Gadson's arguments are unavailing. The restitution orders vacated in *Mortimer* and *Workman* had explicitly delegated the responsibility of setting payment amounts and schedules to the BOP and IFRP. But here the Amended Judgment

made payments "due immediately" and otherwise "due and payable during the term of incarceration." ECF No. 223 at 9. When a court orders that restitution payments are "due immediately" with the remaining balance paid during the defendant's incarceration, the BOP has the authority to establish a plan to help a prisoner comply with the restitution order. *See Bramson v. Winn*, 136 F. App'x 380, 381 (1st Cir. 2005) (per curiam). For example, in *Bramson*, the First Circuit rejected the defendant's argument that "the [BOP] may not set the timing and amount of his restitution and fine payments through the [IFRP] without submitting any such plan to the sentencing court for its approval," and then clarified that because the sentencing court specified that payment was due immediately, "there was no improper delegation by the court[] of [its] exclusive authority to determine a payment schedule. The Bureau of Prisons was merely using the IFRP to collect [the defendant's] court-ordered payments." *See also United States v. Stinson*, No. 1:17-cr-00074-JAW, 2022 WL 1747846, at *1, 3 (D. Me. May 31, 2022) (finding that, after the court ordered restitution to be paid in a lump sum "due immediately" and the remaining balance "due and payable during the term of incarceration," the court did not have the authority or jurisdiction to modify a payment schedule established by the BOP's IFRP because "the Court cannot change a payment schedule order it did not make"); *United States v. Reeves*, No. 1:05-cr-00047-JAW, 2015 WL 475266, at *4 (D. Me. Feb. 4, 2015) ("[B]y imposing restitution and making it due immediately, the court, not the [BOP], set the amount due and the schedule to be met." (quoting *United States v. Marston,* No. 09-cr-95-1-SM, 2012 U.S. Dist. LEXIS 122607, at *2 (D.N.H. Aug. 29, 2012))). Accordingly, the Amended Judgment's requirement that Gadson's

restitution was "due immediately," with the remainder to be paid during his incarceration, was not an ambiguous or improper delegation of authority to the BOP.[6]

Furthermore, the proper vehicle to challenge an IFRP payment plan is through BOP administrative remedies. Upon exhaustion of those remedies, a petitioner may challenge the payment schedule through a habeas corpus petition filed with the sentencing court pursuant to 28 U.S.C.A. § 2241 (West 2022). *See McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) (explaining that because "[t]he IFRP is . . . part of the [BOP]'s means of 'executing' the sentence," a habeas petition was the proper vehicle for the defendant's "lawsuit challenging the legality of the IFRP" and the BOP's change to his monthly payment amount); *see also Stinson*, 2022 WL 1747846, at *3.

Gadson has not exhausted his administrative remedies prior to bringing this claim for relief, beyond asking his Case Manager to modify his payment schedule. Instead, in his reply brief, he raises for the first time that it would be futile to exhaust administrative remedies because he is challenging the constitutionality of 28 C.F.R. § 545.10, the regulation governing the IFRP, and the BOP does not have the authority to determine the regulation's constitutionality. Gadson asks the Court to find that 28 C.F.R. § 545.10 is unconstitutional "because it permits the BOP to perform a

---

[6] Gadson also makes a cursory request for the Court to take note of *United States v. Gunning*, presumably for the proposition that sentencing courts have a non-delegable duty to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." *United States v. Gunning*, 339 F.3d 948, 949 (9th Cir. 2003) (quoting 18 U.S.C.A. § 3664(f)(2)). However, in *Gunning*, the Ninth Circuit concluded that the district court's restitution order improperly delegated responsibility for setting a restitution schedule because it ordered that restitution was due "immediately" and then specified that "[a]ny unpaid amount is to be paid during the period of supervision as directed by a U.S. probation officer." *Id.* at 950. Here, the challenged restitution order contains no language that expressly delegates the Court's authority to the BOP or probation officers.

judicial function in violation of constitutionally mandated Separation of Powers." ECF No. 235 at 6.

Generally, a prisoner must exhaust administrative remedies before seeking relief from the Court. *See, e.g.*, *United States v. Harrison*, No. 1:16-cr-00166-JAW, 2020 WL 6081888, at *3 (D. Me. Oct. 15, 2020) (finding that a prisoner challenging the BOP's calculation of his restitution payments would be required to exhaust administrative remedies prior to raising the challenge via habeas petition). Under certain circumstances, exhaustion is not required if it would be futile, such as when "the administrative procedures are incompetent to provide redress, for example, to redress a challenge to the constitutional validity of a statute or regulation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990). Here, however, the primary relief requested by Gadson—the modification of his quarterly restitution payments—falls soundly within the BOP's authority, and thus pursuit of administrative remedies would not be futile. As to Gadson's argument that the BOP officials are "further punish[ing] a sentenced . . . prisoner by encumbering his funds," ECF No. 235 at 4 (second alteration in original), because such payments are calculated based on IFRP policies, *see generally* 28 C.F.R. § 545.11, Gadson must exhaust his administrative remedies, and subsequently file a habeas petition, should he seek to raise this challenge.

Even if I were to consider the merits of Gadson's constitutional challenge, multiple circuits have upheld the constitutionality of 28 C.F.R. § 545.10, and I agree with their treatment of the issue. *See Davis v. Wiley*, 260 F. App'x 66, 68 (10th Cir. 2008) ("Every court to consider a challenge to the IFRP's constitutionality has upheld

it."); *Durham v. Hood,* 140 F. App'x 783, 785 (10th Cir. 2005) (collecting cases that have upheld the constitutionality of 28 C.F.R. § 545.10 and finding that in the particular circumstances raised by the defendant, the district court did not "violate[] separation of powers principles by improperly delegating Article III functions to the BOP"); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998) (finding that the defendant did not raise a meritorious constitutional challenge under the separation of powers doctrine when he argued that "setting the timing of restitution or fine payments, is a core function of Article III judges that may not be performed by nonjudicial officers").

Accordingly, the Court does not have the authority or jurisdiction to modify Gadson's quarterly payment amounts set by the BOP, and even if it did, Gadson has not properly raised this modification request through the exhaustion of administrative remedies and a writ of habeas corpus.

## B. Gadson has not shown a material change in his economic circumstances

Gadson also argues that the Court may modify his restitution payment amounts to $25.00 per quarter pursuant to 18 U.S.C.A. § 3664(k). Section 3664(k) requires a defendant to:

> notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . The Attorney General shall certify to the court that the . . . victims owed restitution . . . have been notified of the change in circumstances. Upon receipt of the notification, the court may. . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C.A. § 3664(k).  Here, it does not appear that Gadson has notified the Attorney General of any change in his economic circumstances, nor has the Attorney General certified that the victims have been notified.  Moreover, Gadson has not provided any information about his alleged change in economic circumstances other than alleging that he does not have an institutional job "because there are none" and alleging hardship caused by the COVID-19 pandemic and general economic unrest.  ECF No. 231 at 6.

Gadson also has not specified the amount that the IFRP established for his monthly payment schedule, nor the particulars of his own financial circumstances, which might allow the Court to determine the reasonableness of the payments.  *See United States v. Perry*, No. CR 95-75-04 S, 2012 WL 2771100, at *2 (D.R.I. May 16, 2012) ("Defendant has provided no information about his present income and assets which would enable the Court to determine whether the amount of payment he requests is reasonable . . . . [and t]he victims (as well as the Court) also would likely want further information about the BOP's alleged demands for 'arbitrary set amounts of partial periodic payments.'"), *report and recommendation adopted,* No. CR 95-075-04ML, 2012 WL 2769882 (D.R.I. July 9, 2012); *see also United States v. Coleman*, 276 F. App'x 766, 768 (10th Cir. 2008) (concluding that "although [the defendant] may be unable to work at the present time, it is purely speculative that he will have no resources with which to pay restitution during the remaining period of incarceration" and that "[u]ntil [the defendant] can show that he has raised these concerns [about his inability to work due to health issues] to the BOP and received an unfavorable

response, his concerns will remain within the realm of speculation").  I therefore decline to modify the restitution payment schedule on these grounds.

## C.    The Excessive Fines Clause does not apply to mandatory restitution payments

Gadson also argues that the IFRP payment schedule violates the Excessive Fines Clause of the Eighth Amendment.  However, the First Circuit has never held that the Excessive Fines Clause applies to restitution, but it has indicated that if the Clause did apply, it would not apply to mandatory restitution orders that are based on the victim's losses.  *See United States v. Newell*, 658 F.3d 1, 35 (1st Cir. 2011) ("We have never held that the Excessive Fines Clause of the Eighth Amendment applies to restitution.  The circuits that have considered challenges to restitution orders under the Excessive Fines clause have held that where the restitution order reflects the amount of the victim's loss no constitutional violation has occurred.").  Gadson's restitution was mandatory under 18 U.S.C.A. § 3663A(c)(1)(B) (West 2022) and was calculated to directly reflect the victims' losses.  Accordingly, the payment schedule established by the BOP does not violate Gadson's rights under the Excessive Fines Clause.

## D.    Gadson is not entitled to court-appointed counsel at this stage in this proceeding

Gadson requests the appointment of counsel "if further litigation necessitates," citing 18 U.S.C.A. § 3006A(a)(2)(B).   ECF No. 231 at 6.   However, section 3006A(a)(2)(B) provides that a district court, may, if justice so requires, appoint counsel for financially eligible persons who are seeking relief pursuant to 28 U.S.C.A. §§ 2241, 2254, or 2255.  However, Gadson has not filed a habeas petition pursuant to

sections 2241 or 2254, and section 2255 is inapplicable because Gadson is not challenging his sentence on the grounds that it was unconstitutional, excessive, or otherwise subject to collateral attack. He seeks only to modify the amount of restitution he pays per quarter and does not challenge his sentence or the imposition of restitution itself. Therefore, I decline to appoint counsel in this matter.

## II. CONCLUSION

For the reasons stated above, Gadson's Motions to Modify and/or Amend Order of Restitution Pursuant to 18 U.S.C.A. § 3664(k) (No. 2:19-cr-00122-JDL-2, ECF No. 231; No. 2:21-cr-00163-JDL, ECF No. 82) are **DENIED.**


**SO ORDERED.**

**Dated this 1st day of May, 2023**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**