# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | 2:19-cr-00122-JDL-2 |
| ) | 2:21-cr-00163-JDL |
| ) | |
| BERNARD GADSON, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO MODIFY AND/OR AMEND ORDER OF RESTITUTION

On October 25, 2021, Defendant Bernard Gadson pleaded guilty to one count of attempted bank fraud, in violation of 18 U.S.C.A. § 1344(2) (West 2022) and 18 U.S.C.A. § 2 (West 2022), and one count of aiding and abetting aggravated identity theft, in violation of 18 U.S.C.A § 1028A(a)(1) (West 2022).[1] In a subsequent proceeding, Gadson pleaded guilty to one count of criminal contempt for violating the conditions of his release, in violation of 18 U.S.C.A. § 401(3) (West 2022) and 18 U.S.C.A. § 3147 (West 2022). On May 26, 2022, he was sentenced to a total aggregate term of imprisonment of 110 months and a four-year term of supervised release, and he was ordered to pay restitution in an amount totaling $256,537.00.[2] In its Amended Judgment, the Court ordered a "[l]ump sum payment of $243,641.00 due

---

[1] The relevant statutory provision for aiding and abetting aggravated identify theft is identified in multiple filings in this case as 18 U.S.C.A. § 1028(A)(1). However, the correct statutory provision is 18 U.S.C.A. § 1028A(a)(1), and I refer to it as such here.

[2] Gadson received a credit toward the total amount of restitution ordered, leaving a balance of $243,341.00.

1

immediately" with "[a]ny amount that the defendant is unable to pay now [made] due and payable during the term of incarceration." No. 2:21-cr-00163-JDL, ECF No. 73 at 9; No. 2:19-cr-00122-JDL-2, ECF No. 223 at 9. Gadson is currently incarcerated at FCI Ray Brook.

On October 17, 2022, Gadson, proceeding pro se, filed a "Motion to Modify and/or Amend Order of Restitution Pursuant to 18 U.S.C. § 3664(k)" (ECF No. 231).[3] Gadson alleges that he wishes to participate in the Inmate Financial Responsibility Plan ("IFRP") at FCI Ray Brook, but that Bureau of Prisons ("BOP") officials requested an "exuberant amount of restitution payments per month," even though "his income came from working in [job placements at the prison] and [occasional] family gifts." ECF No. 231 at 3. He argues that the Court has the discretion and responsibility, pursuant to 18 U.S.C.A. § 3663 (West 2022) and 18 U.S.C.A. § 3664 (West 2022), to set the amount and terms of restitution, and he asks the Court to modify the payment schedule set by the IFRP and order a maximum restitution payment of $25.00 per quarter. Gadson also alleges that the BOP officials violated the Excessive Fines Clause of the Eighth Amendment because he "was '*forced*' to sign [a]n agreement[] that he knew that he could *NOT* afford, with the severe consequences that come with IFRP refusal." ECF No. 231 at 5 (first and fourth alterations in original). He also requests the appointment of counsel pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2022).

---

[3] Because Gadson filed identical motions to modify his restitution payments in both of his criminal proceedings (No. 2:19-cr-00122-JDL-2, ECF No. 231; No. 2:21-cr-00163-JDL, ECF No. 82), for the purposes of this Order, I cite to the motion filed in proceeding No. 2:19-cr-00122-JDL-2, ECF No. 231.

The Government filed a Response in Opposition to the Motion (ECF No. 234).[4] The Government first argues that the Court did not improperly delegate its authority to the BOP because the Amended Judgment properly specified "the manner in which, and the schedule according to which, the restitution [was] to be paid" and the BOP has the authority to establish a payment plan with Gadson to help him comply with the judgment while he is incarcerated.  ECF No. 234 at 2, n.1 (alteration in original) (quoting 18 U.S.C.A. § 3664(f)(2)).  Second, the Government contends that the Court does not have the authority to modify Gadson's IFRP payment amounts because he has failed to provide evidence of a material change in economic circumstances, which is required by 18 U.S.C.A. § 3664(k).  Third, the Government argues that the BOP officials have not violated Gadson's Eighth Amendment rights because no "fines" have been imposed, and that furthermore, Gadson is not challenging the total amount of restitution ordered, only the installment amounts.  ECF No. 234 at 6.  Finally, the Government opposes Gadson's request for counsel because he "raises no cognizable legal issues requiring such an appointment, and . . . fails to cite a proper legal basis under 18 U.S.C. § 3006A."  ECF No. 234 at 1.

In addition to filing his motions, Gadson appealed his sentence to the First Circuit on June 3, 2022 (No. 2:21-cr-00163-JDL, ECF No. 75; No. 2:19-cr-00122-JDL-2, ECF No. 225).  Although Gadson's pending appeal would generally deprive the Court of jurisdiction, a district court may exercise jurisdiction over a timely motion for relief and deny the motion pursuant to Federal Rule of Criminal Procedure

---

[4] Because the Government's filing in response to Gadson's motion is identical in both cases, I cite only to the response filed in proceeding No. 2:19-cr-00122-JDL-2, ECF No. 234.

37(a)(2). Therefore, pursuant to Rule 37(a)(2), I address Gadson's motions and, for the reasons set forth below, deny both motions.

## I. LEGAL ANALYSIS

### A. The Court did not improperly delegate its authority to the BOP and does not have the authority to modify a payment schedule set by the BOP

Gadson first argues that the Court—not the BOP—has jurisdiction to order and schedule restitution payments under 18 U.S.C.A. § 3664(f)(3)(A), which grants the Court discretion to schedule restitution payments in an initial sentencing, and the discretion to modify, amend, or adjust the restitution order pursuant to section 3664(k). In Gadson's Reply to the Government's Response (ECF No. 235),[5] he further argues that the Court improperly delegated its authority to the BOP, relying on two cases: *United States v. Mortimer*, 94 F.3d 89 (2d Cir. 1996) and *United States v. Workman*, 110 F.3d 915 (2d Cir. 1997). In *Mortimer*, the district court's restitution order stated that Mortimer was to "pay restitution while in prison *according to a schedule to be determined pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program*." 94 F.3d 89, 89 (2d Cir. 1996) (emphasis added). The district court also directed the defendant to participate in the IFRP "and make restitution in accordance with the policies of that program." *Id.* at 90. The Second Circuit vacated the sentence and remanded for resentencing, holding that the district court had improperly delegated "its authority to establish the installment amount and timing of [the defendant's] . . . restitution payments to the [BOP]." *Id.* at 91 (first and second

---

[5] Because Gadson's reply is identical in both cases, I cite only to the reply filed in proceeding No. 2:19-cr-00122-JDL-2, ECF No. 235.

alterations in original) (quoting *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996)).

In *Workman*, the district court "imposed a fine of $1,000, due immediately, but stayed execution of the fine 'provided that [the defendant] makes timely installments, *on a schedule to be fixed by the Bureau of Prisons* while incarcerated.'" 110 F.3d 915, 918 (2d Cir. 1997) (emphasis added). The Second Circuit remanded for resentencing, citing 18 U.S.C.A. § 3572(d) (West 2022), which precludes delegation: "[section 3572(d)] generally requires defendants to pay fines [or other monetary penalties including restitution] 'immediately,' but allows sentencing courts, 'in the interest of justice,' to provide for payment 'on a date certain or in installments.' It specifies that '[i]f the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless *the court* establishes another schedule.'" *Id.* at 919 (third alteration in original) (quoting 18 U.S.C.A. § 3572(d)).

Relying on *Mortimer* and *Workman*, Gadson argues that the BOP is using the IFRP "to arbitrarily schedule payment of the Court Order," ECF No. 235 at 3, and that "when a Court qualifies the 'due immediately' language of 18 U.S.C. § 3572(d)(1), with [a]n ambiguous delegation of authority to collect to the [BOP], such [a]n order is unenforceable," ECF No. 235 at 3 (first and third alterations in original) (quoting *Mortimer*, 94 F.3d at 90-91).

Gadson's arguments are unavailing. The restitution orders vacated in *Mortimer* and *Workman* had explicitly delegated the responsibility of setting payment amounts and schedules to the BOP and IFRP. But here the Amended Judgment

5

made payments "due immediately" and otherwise "due and payable during the term of incarceration."  ECF No. 223 at 9.  When a court orders that restitution payments are "due immediately" with the remaining balance paid during the defendant's incarceration, the BOP has the authority to establish a plan to help a prisoner comply with the restitution order.  *See Bramson v. Winn*, 136 F. App'x 380, 381 (1st Cir. 2005) (per curiam).  For example, in *Bramson*, the First Circuit rejected the defendant's argument that "the [BOP] may not set the timing and amount of his restitution and fine payments through the [IFRP] without submitting any such plan to the sentencing court for its approval," and then clarified that because the sentencing court specified that payment was due immediately, "there was no improper delegation by the court[] of [its] exclusive authority to determine a payment schedule.  The Bureau of Prisons was merely using the IFRP to collect [the defendant's] court-ordered payments."  *See also United States v. Stinson*, No. 1:17-cr-00074-JAW, 2022 WL 1747846, at *1, 3 (D. Me. May 31, 2022) (finding that, after the court ordered restitution to be paid in a lump sum "due immediately" and the remaining balance "due and payable during the term of incarceration," the court did not have the authority or jurisdiction to modify a payment schedule established by the BOP's IFRP because "the Court cannot change a payment schedule order it did not make"); *United States v. Reeves*, No. 1:05-cr-00047-JAW, 2015 WL 475266, at *4 (D. Me. Feb. 4, 2015) ("[B]y imposing restitution and making it due immediately, the court, not the [BOP], set the amount due and the schedule to be met." (quoting *United States v. Marston,* No. 09-cr-95-1-SM, 2012 U.S. Dist. LEXIS 122607, at *2 (D.N.H. Aug. 29, 2012))).  Accordingly, the Amended Judgment's requirement that Gadson's

6

restitution was "due immediately," with the remainder to be paid during his incarceration, was not an ambiguous or improper delegation of authority to the BOP.[6]

Furthermore, the proper vehicle to challenge an IFRP payment plan is through BOP administrative remedies. Upon exhaustion of those remedies, a petitioner may challenge the payment schedule through a habeas corpus petition filed with the sentencing court pursuant to 28 U.S.C.A. § 2241 (West 2022). *See McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) (explaining that because "[t]he IFRP is . . . part of the [BOP]'s means of 'executing' the sentence," a habeas petition was the proper vehicle for the defendant's "lawsuit challenging the legality of the IFRP" and the BOP's change to his monthly payment amount); *see also Stinson*, 2022 WL 1747846, at *3.

Gadson has not exhausted his administrative remedies prior to bringing this claim for relief, beyond asking his Case Manager to modify his payment schedule. Instead, in his reply brief, he raises for the first time that it would be futile to exhaust administrative remedies because he is challenging the constitutionality of 28 C.F.R. § 545.10, the regulation governing the IFRP, and the BOP does not have the authority to determine the regulation's constitutionality. Gadson asks the Court to find that 28 C.F.R. § 545.10 is unconstitutional "because it permits the BOP to perform a

---

[6] Gadson also makes a cursory request for the Court to take note of *United States v. Gunning*, presumably for the proposition that sentencing courts have a non-delegable duty to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." *United States v. Gunning*, 339 F.3d 948, 949 (9th Cir. 2003) (quoting 18 U.S.C.A. § 3664(f)(2)). However, in *Gunning*, the Ninth Circuit concluded that the district court's restitution order improperly delegated responsibility for setting a restitution schedule because it ordered that restitution was due "immediately" and then specified that "[a]ny unpaid amount is to be paid during the period of supervision as directed by a U.S. probation officer." *Id.* at 950. Here, the challenged restitution order contains no language that expressly delegates the Court's authority to the BOP or probation officers.

judicial function in violation of constitutionally mandated Separation of Powers." ECF No. 235 at 6.

Generally, a prisoner must exhaust administrative remedies before seeking relief from the Court. *See, e.g., United States v. Harrison*, No. 1:16-cr-00166-JAW, 2020 WL 6081888, at *3 (D. Me. Oct. 15, 2020) (finding that a prisoner challenging the BOP's calculation of his restitution payments would be required to exhaust administrative remedies prior to raising the challenge via habeas petition). Under certain circumstances, exhaustion is not required if it would be futile, such as when "the administrative procedures are incompetent to provide redress, for example, to redress a challenge to the constitutional validity of a statute or regulation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2d Cir. 1990). Here, however, the primary relief requested by Gadson—the modification of his quarterly restitution payments—falls soundly within the BOP's authority, and thus pursuit of administrative remedies would not be futile. As to Gadson's argument that the BOP officials are "further punish[ing] a sentenced . . . prisoner by encumbering his funds," ECF No. 235 at 4 (second alteration in original), because such payments are calculated based on IFRP policies, *see generally* 28 C.F.R. § 545.11, Gadson must exhaust his administrative remedies, and subsequently file a habeas petition, should he seek to raise this challenge.

Even if I were to consider the merits of Gadson's constitutional challenge, multiple circuits have upheld the constitutionality of 28 C.F.R. § 545.10, and I agree with their treatment of the issue. *See Davis v. Wiley*, 260 F. App'x 66, 68 (10th Cir. 2008) ("Every court to consider a challenge to the IFRP's constitutionality has upheld

it."); *Durham v. Hood,* 140 F. App'x 783, 785 (10th Cir. 2005) (collecting cases that have upheld the constitutionality of 28 C.F.R. § 545.10 and finding that in the particular circumstances raised by the defendant, the district court did not "violate[] separation of powers principles by improperly delegating Article III functions to the BOP"); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998) (finding that the defendant did not raise a meritorious constitutional challenge under the separation of powers doctrine when he argued that "setting the timing of restitution or fine payments, is a core function of Article III judges that may not be performed by nonjudicial officers").

Accordingly, the Court does not have the authority or jurisdiction to modify Gadson's quarterly payment amounts set by the BOP, and even if it did, Gadson has not properly raised this modification request through the exhaustion of administrative remedies and a writ of habeas corpus.

**B.   Gadson has not shown a material change in his economic circumstances**

Gadson also argues that the Court may modify his restitution payment amounts to $25.00 per quarter pursuant to 18 U.S.C.A. § 3664(k). Section 3664(k) requires a defendant to:

> notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . The Attorney General shall certify to the court that the . . . victims owed restitution . . . have been notified of the change in circumstances. Upon receipt of the notification, the court may. . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

9

18 U.S.C.A. § 3664(k). Here, it does not appear that Gadson has notified the Attorney General of any change in his economic circumstances, nor has the Attorney General certified that the victims have been notified. Moreover, Gadson has not provided any information about his alleged change in economic circumstances other than alleging that he does not have an institutional job "because there are none" and alleging hardship caused by the COVID-19 pandemic and general economic unrest. ECF No. 231 at 6.

Gadson also has not specified the amount that the IFRP established for his monthly payment schedule, nor the particulars of his own financial circumstances, which might allow the Court to determine the reasonableness of the payments. *See United States v. Perry*, No. CR 95-75-04 S, 2012 WL 2771100, at *2 (D.R.I. May 16, 2012) ("Defendant has provided no information about his present income and assets which would enable the Court to determine whether the amount of payment he requests is reasonable . . . . [and t]he victims (as well as the Court) also would likely want further information about the BOP's alleged demands for 'arbitrary set amounts of partial periodic payments.'"), *report and recommendation adopted,* No. CR 95-075-04ML, 2012 WL 2769882 (D.R.I. July 9, 2012); *see also United States v. Coleman*, 276 F. App'x 766, 768 (10th Cir. 2008) (concluding that "although [the defendant] may be unable to work at the present time, it is purely speculative that he will have no resources with which to pay restitution during the remaining period of incarceration" and that "[u]ntil [the defendant] can show that he has raised these concerns [about his inability to work due to health issues] to the BOP and received an unfavorable

10

response, his concerns will remain within the realm of speculation"). I therefore decline to modify the restitution payment schedule on these grounds.

### C. The Excessive Fines Clause does not apply to mandatory restitution payments

Gadson also argues that the IFRP payment schedule violates the Excessive Fines Clause of the Eighth Amendment. However, the First Circuit has never held that the Excessive Fines Clause applies to restitution, but it has indicated that if the Clause did apply, it would not apply to mandatory restitution orders that are based on the victim's losses. *See United States v. Newell*, 658 F.3d 1, 35 (1st Cir. 2011) ("We have never held that the Excessive Fines Clause of the Eighth Amendment applies to restitution. The circuits that have considered challenges to restitution orders under the Excessive Fines clause have held that where the restitution order reflects the amount of the victim's loss no constitutional violation has occurred."). Gadson's restitution was mandatory under 18 U.S.C.A. § 3663A(c)(1)(B) (West 2022) and was calculated to directly reflect the victims' losses. Accordingly, the payment schedule established by the BOP does not violate Gadson's rights under the Excessive Fines Clause.

### D. Gadson is not entitled to court-appointed counsel at this stage in this proceeding

Gadson requests the appointment of counsel "if further litigation necessitates," citing 18 U.S.C.A. § 3006A(a)(2)(B). ECF No. 231 at 6. However, section 3006A(a)(2)(B) provides that a district court, may, if justice so requires, appoint counsel for financially eligible persons who are seeking relief pursuant to 28 U.S.C.A. §§ 2241, 2254, or 2255. However, Gadson has not filed a habeas petition pursuant to

11

sections 2241 or 2254, and section 2255 is inapplicable because Gadson is not challenging his sentence on the grounds that it was unconstitutional, excessive, or otherwise subject to collateral attack. He seeks only to modify the amount of restitution he pays per quarter and does not challenge his sentence or the imposition of restitution itself. Therefore, I decline to appoint counsel in this matter.

## II.  CONCLUSION

For the reasons stated above, Gadson's Motions to Modify and/or Amend Order of Restitution Pursuant to 18 U.S.C.A. § 3664(k) (No. 2:19-cr-00122-JDL-2, ECF No. 231; No. 2:21-cr-00163-JDL, ECF No. 82) are **DENIED.**

**SO ORDERED.**

**Dated this 1st day of May, 2023**

                                                                                /s/ Jon D. Levy
                                                     **CHIEF U.S. DISTRICT JUDGE**